# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID ROBERT BENTZ, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | Case No. 17-cv-315-MJR |
| ) | |
| **SALVADOR GODINEZ, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court for case management. Plaintiff Bentz has informed the Court that he intended the Motion to Certify Class (Class Certification Allegations) (Doc. 25) ("Filing") to be filed as a complaint pursuant to the Court's Order (Doc. 3) dated March 30, 2017 rather than as a motion. (Doc. 71). Prior to reclassifying the Filing (Doc. 25) as a complaint, however, the Court seeks confirmation that it complies with Rule 11 of the Federal Rules of Civil Procedure.

Two separate plaintiffs whose signatures appear to be on the Filing (Doc. 25), Plaintiff Hunt and Plaintiff Blaney, have filed responses to this Court's Order (Doc. 3) that indicate they have not signed and/or seen any complaint in this action, much less the one they appear to have signed. *See* (Doc. 48); (Doc. 65). If someone else signed the Filing on their behalf, the document runs afoul of Rule 11 as to them because each *pro se* plaintiff must sign documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986). If the signatures indeed belong to these plaintiffs, but they were not aware of the contents of the document they were signing, the Filing still violates Rule 11 because a signature by a party certifies to the Court "that to the best of the person's knowledge, information, and belief, formed after an inquiry

1

reasonable under the circumstances," among other things, "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument" and "the factual contentions have evidentiary support[.]" FED. R. CIV. P. 11(b). The plaintiffs would not have been able to provide such a certification without being aware of the contents of the document.

In order for this Court to determine whether Plaintiff Hunt and Plaintiff Blaney, as well as the other plaintiffs who have not submitted a signed complaint on their own behalf, actually signed the Filing (Doc. 25) that Plaintiff Bentz seeks to be construed as the complaint in this action, this Court **ORDERS** the following plaintiffs to notify the Court in writing whether their signature on the Filing is their own, and, if so, whether they were aware that they were signing a pleading for this lawsuit when they signed the Filing and whether they reviewed the Filing prior to signing it: **John Reed**, **Marcus Barry**, **Keith Nelson**, **Muhammad Abdullah**, **Jesse Perez**, **Daniel Diaz**, **Tuan Fields**, **Robert Hunt**, **Terry Morgan**, **Cevin Stanford**, **Brett Sharp**, **James Barnwell**, **Jeffrey Blaney**, and **Anteleto Jones**.

## Order Responses

The following plaintiffs have failed to file a signed complaint pursuant to this Court's Orders dated March 30, 2017 (Doc. 3) and April 12, 2017 (Doc. 29): **Chris Alexander, Terrence Miller, Eddie Brothers, Brandon Harris, Eddie Hill, Kwayura Jackson, Adalberto Anaya, Pedro Terrazas, Tony Walsh,** and **Anthony Wiggins**. The deadline for returning a signed complaint was April 27, 2017. (Doc. 3); (Doc. 29, p. 10). This date has long passed. The Court warned the plaintiffs on multiple occasions that failure to file a signed complaint would result in dismissal of the action as to them. *Id.* These plaintiffs will therefore be dismissed with prejudice from this action **without** the assessment of a filing fee and **without** the assessment of a strike pursuant to 28 U.S.C. § 1915(g).

This Court received several written responses to its Order dated April 12, 2017 (Doc. 29) from plaintiffs seeking to remove themselves from this action without the assessment of a filing fee. Each of those plaintiffs either did not file a signed complaint and are being dismissed, per their request, without the assessment of a filing fee, or appear to have signed the Filing (Doc. 25) that Plaintiff Bentz seeks to be construed as the complaint in this action. The Court seeks resolution of the Rule 11 issues surrounding the Filing prior to dismissing the plaintiffs who appear to have signed it who are now seeking removal from this action. Included in the list of plaintiffs whose signatures appear to be on the Filing who have also sought to remove themselves from this case without the assessment of a filing fee are: **Marcus Barry, Daniel Diaz, Robert Hunt,** and **Anteleto Jones**. Once these plaintiffs have submitted their notification to the Court regarding the Filing pursuant to the Order herein, the Court will determine whether or not to assess a filing fee for these plaintiffs upon their dismissal from this action.

Two plaintiffs, **Cevin Stanford** and **Terry Morgan**, failed to submit a Motion to Proceed *in forma pauperis* ("IFP Motion") or pay the filing fee pursuant to this Court's Order dated April 12, 2017. (Doc. 29, pp. 10-11). However, both of these plaintiffs appear to have signed the Filing that Plaintiff Bentz intends to be construed as the complaint in this case. While Plaintiff Morgan expressed an intention to remain a party to this action in a separate filing (Doc. 57), Plaintiff Stanford has not done so. Because they have failed to pay the filing fee and have not submitted IFP Motions, both Stanford and Morgan will be dismissed from this action. This Court is incapable of determining at this juncture whether either plaintiff should be assessed a filing fee, however, and will therefore reserve dismissal of these plaintiffs until they submit a notification to the Court regarding their signatures on the Filing, pursuant to the Order herein.

Two other plaintiffs, **Michael Crenshaw** and **Elias Diaz**, have filed complaints in this

action on their own behalves. Plaintiff Crenshaw filed two documents, both labeled "Complaint." (Docs. 55, 59). The documents are very similar, but are not identical, and were signed on April 17, 2017 (Doc. 55) and April 23, 2017 (Doc. 59). Neither document features a statement of the claim showing Plaintiff Crenshaw is entitled to relief in compliance with Rule 8(a) of the Federal Rules of Civil Procedure. Further, neither document contains a meaningful request for relief, which is another requirement of Rule 8. Though Plaintiff Crenshaw notes that he is seeking declaratory and injunctive relief in both documents, he does not specify the nature of the declaration or injunction he is seeking. The Court also notes that the fact that Plaintiff filed two separate complaints on his own behalf is problematic, but because neither complaint complies with Rule 8, the Court will not seek to determine which, if either, to consider Plaintiff Crenshaw's actual complaint.

Because both of Plaintiff Crenshaw's complaints (Docs. 55, 59) fail to comply with Rule 8 of the Federal Rules of Civil Procedure because they fail to include a statement of the claim and fail to provide a meaningful request for relief, these complaints (Docs. 55, 59) will be dismissed. Plaintiff Crenshaw will be granted leave to file another signed complaint in response to this Court's March 30, 2017 Order (Doc. 3) within 28 days (June 21, 2017) of this Order. Plaintiff Crenshaw is reminded that, pursuant to this Court's Order dated March 30, 2017 (Doc. 3), he should have received a copy of the original Complaint (Doc. 1) in this action for his signature on or soon after March 30, 2017.

Plaintiff Elias Diaz also filed a Complaint on his own behalf. (Doc. 80). Unlike Plaintiff Crenshaw's complaints, Plaintiff Elias Diaz seeks to incorporate the claims as well as the request for relief found in the original civil rights complaint filed by Plaintiff Bentz into his complaint. Though Plaintiff Elias Diaz filed his complaint (Doc. 80) after the Court's deadline for doing so,

he submitted a Motion for Extension of Time (Doc. 62) outlining the reasons as to why his filing would be late and seeking an extension of the deadline. The Court will therefore consider Plaintiff Diaz's filings to be timely, and allow him to remain a part to this case for now.

**Pending Motions**

Plaintiff Elias Diaz's Motion for Extension of Time to File Motion for Leave to Proceed *In Forma Pauperis* (Doc. 62) is **DENIED** in part and **GRANTED** in part. To the extent Plaintiff Elias Diaz seeks any more time to file additional documentation in support of his IFP Motion or Complaint, his motion is denied. However, this Court will consider Plaintiff Elias Diaz's IFP Motion (Doc. 81) and Complaint (Doc. 80) to have been timely filed.

Plaintiff Jeff Blaney has filed a Motion for Extension of Time (Doc. 65) to comply with this Court's Order (Doc. 29) requiring all plaintiffs to return a signed complaint and pay the filing fee or file an IFP Motion if they desire to remain a party to this action. Plaintiff Blaney claims to be unaware of the contents of the complaint in this action (Doc. 65, p. 2), and also seems to be under the impression that he has not signed the complaint, as he has requested an extension of time in order to potentially accomplish as much. This makes the Court question whether Plaintiff Blaney's signature on the Pleading (Doc. 25), which Plaintiff Bentz seeks to be construed as the complaint in this action, is indeed his own, and if it is, whether he was aware of what he was signing at the time. This Court will therefore reserve making a decision on Plaintiff Blaney's Motion (Doc. 65) until he submits a notification to the Court regarding his signature on the Filing (Doc. 25) pursuant to the Order herein.

Plaintiff Bentz's Motion Identifying an Unknown John Doe Defendant (Doc. 67) is **STRICKEN**. In his Motion (Doc. 67), Plaintiff Bentz seeks to name a defendant in this group action that was previously unidentified. Plaintiff Betnz is the only individual to have signed the

Motion, however, and this Court has issued multiple warnings (Docs. 3, 29, and 50) that such filings, on behalf of the group of plaintiffs, would be stricken because each Plaintiff must sign documents for himself and a non-attorney cannot file or sign papers for another litigant. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.

Plaintiff James Barnwell has filed a Motion for Copies (Doc. 72), in which he claims he was denied access to this Court's Order dated April 12, 2017 (Doc. 29) and seeks a copy of the same. Plaintiff Barnwell's Motion is **GRANTED**. The **CLERK** is **DIRECTED** to send Plaintiff Barnwell a copy of this Court's Order dated April 12, 2017 (Doc. 29).

The Motions for Leave to Proceed *In Forma Pauperis* (Docs. 4-16, 30-31, 33, 42, 47, 76, and 81), Motions to Appoint Counsel (Docs. 22, 77, and 82), and Motion for Service of Process at Government Expense (Doc. 83) will be addressed in separate orders of this Court.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiffs **CHRIS ALEXANDER, TERRENCE MILLER, EDDIE BROTHERS, BRANDON HARRIS, EDDIE HILL, KWAYURA JACKSON, ADALBERTO ANAYA, PEDRO TERRAZAS, TONY WALSH,** and **ANTHONY WIGGINS** are **DISMISSED** from this action with prejudice for failing to return a signed complaint and/or notifying this Court of their desire to be dismissed from this action per this Court's Order dated April 12, 2017 (Doc. 29). These plaintiffs **will not** be assessed a filing fee and **will not** be issued a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the following plaintiffs shall advise the Court in writing **on or before (June 21, 2017)** whether their signature on the Filing (Doc. 25) that Plaintiff Bentz seeks to be construed as the complaint in this action is their own, and, if so, whether they were aware that they were signing a pleading for this lawsuit when they signed it,

and whether they reviewed the document prior to signing it: **JOHN REED**, **MARCUS BARRY**, **KEITH NELSON**, **MUHAMMAD ABDULLAH**, **JESSE PEREZ**, **DANIEL DIAZ**, **TUAN FIELDS**, **ROBERT HUNT**, **TERRY MORGAN**, **CEVIN STANFORD**, **BRETT SHARP**, **JAMES BARNWELL**, **JEFFREY BLANEY**, and **ANTELETO JONES**. Failure to comply with this Order may result in dismissal from this action for failure to comply with an order of the court and/or failure to prosecute. FED. R. CIV. P. 41(b). To enable these plaintiffs to determine whether they indeed signed and reviewed the Filing, the **CLERK** is **DIRECTED** to send each of the above plaintiffs the first page of allegations in the Filing (Doc. 25, p. 4) and the signature page of the Filing (Doc. 25, p. 51).

**IT IS FURTHER ORDERED** that Plaintiff **CRENSHAW**'s complaints (Docs. 55, 59) are **DISMISSED** for failure to comply with Federal Rule of Civil Procedure 8. Plaintiff Crenshaw has leave to file an amended complaint in response to this Court's March 30, 2017 Order (Doc. 3), however. If he intends to proceed in this action, Plaintiff Crenshaw must file his properly signed amended complaint within 28 days (June 21, 2017) of this Order or face dismissal from this action with prejudice. *See* FED. R. CIV. P. 41. Because he has submitted a signed complaint, albeit a defective one, Plaintiff Crenshaw will not be exempt from paying the filing fee whether or not he submits an amended complaint by the deadline.

The **CLERK** is **DIRECTED** to send a copy of this Order to each of the named plaintiffs.

Plaintiffs are **ADVISED** that the Complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the defendants. Further action by some of the plaintiffs is required before the Court can complete its preliminary review of this matter under 28 U.S.C. § 1915A. When this review is completed, a copy of the Court's order will be forwarded to each plaintiff who remains in the action.

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his or her address; the Court will not independently investigate a plaintiff's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution as to any plaintiff that fails to comply. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 24, 2017**

s/ MICHAEL J. REAGAN
United States Chief District Judge