# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID ROBERT BENTZ, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) Case No. 17-cv-315-MJR |
| | ) |
| **SALVADOR GODINEZ, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court for case management. On May 2, 2017, Plaintiff Bentz informed the Court that he intended the Motion to Certify Class (Class Certification Allegations) (Doc. 25) to be filed as a complaint pursuant to the Court's Order (Doc. 3) dated March 30, 2017, rather than as a motion. (Doc. 71). Prior to reclassifying the Filing (Doc. 25) as a complaint, however, the Court sought confirmation that it complies with Rule 11 of the Federal Rules of Civil Procedure because two separate plaintiffs whose signatures appear to be on the potential complaint, Plaintiff Hunt and Plaintiff Blaney, filed responses to this Court's Order (Doc. 3) that indicated they had not signed and/or seen any complaint in this action, much less the one they appeared to have signed. *See* (Doc. 48); (Doc. 65).

Because of this, in its Case Management Order (Doc. 85), the Court ordered plaintiffs whose signatures appeared on the potential complaint, other than Plaintiff Bentz because he filed it, to notify the Court in writing whether their signature on the document (Doc. 25) was their own, and, if so, whether they were aware that they were signing a pleading for this lawsuit when they signed it, and whether they reviewed it prior to signing it. The plaintiffs subject to that order were John Reed, Marcus Barry, Keith Nelson, Muhammad Abdullah, Jesse Perez, Daniel

1

Diaz, Tuan Fields, Robert Hunt, Terry Morgan, Cevin Stanford, Brett Sharp, James Barnwell, Jeffrey Blaney, and Anteleto Jones. These plaintiffs were warned that failure to comply with the Order could result in dismissal from the action for failure to comply with an order of the court and/or failure to prosecute. (Doc. 85, p. 7) (citing FED. R. CIV. P. 41(b)).

### **Order Responses**

The June 21, 2017 deadline for response to this Court's Order (Doc. 85) has long passed. The following plaintiffs did not respond to, and therefore did not comply with the Order (Doc. 85): **Cevin Stanford**, **Jesse Perez**, **Muhammad Abdullah**, **Keith Nelson**, **Brett Sharp**, **Robert Hunt**, **Terry Morgan**, **John Reed**, **James Barnwell**, and **Anteleto Jones**. These plaintiffs will therefore be dismissed from this action with prejudice, per this Court's warning. (Doc. 85, p. 7) (citing FED. R. CIV. P. 41(b)). Because in their Responses to this Court's Order (Doc. 29), Plaintiffs **Jones** (Doc. 45), **Hunt** (Doc. 48), and **Barnwell** (Doc. 86) requested to be removed from this action, they will be dismissed per their request **without** the assessment of a filing fee and **without** the assessment of a strike pursuant to 28 U.S.C. § 1915(g). Plaintiffs **Stanford**, **Perez**, **Abdullah**, **Nelson**, **Sharp**, **Morgan**, and **Reed**, however, **will** be obligated to pay the filing fee but will **not** be assessed a strike. (*See* Doc. 29, pp. 10-11).

Plaintiff **Marcus Barry** filed a Response to the Order (Doc. 95). In it, he claims that he was not afforded an opportunity to review the potential complaint (Doc. 25) prior to signing it. Because in his Response (Doc. 52) to this Court's Order (Doc. 29), Plaintiff Barry requested to be removed from this action, he will be dismissed per his request **without** the assessment of a filing fee and **without** the assessment of a strike pursuant to 28 U.S.C. § 1915(g).

Plaintiff **Daniel Diaz** also filed a Response to the Order (Doc. 94). In it, he claims that he never saw nor did he review the "the motion or lawsuit put in (filed)" prior to signing it.

2

(Doc. 94, p. 1). Because in his Response (Doc. 54) to this Court's Order (Doc. 29), Plaintiff Daniel Diaz requested to be removed from this action, he will be dismissed per his request **without** the assessment of a filing fee and **without** the assessment of a strike pursuant to 28 U.S.C. § 1915(g).

Plaintiff **Jeffrey Blaney** filed a Response to the Order (Doc. 91) as well. In it, he seeks a full copy of the potential complaint in order to confirm that he previously reviewed and signed it. Because he filed a Response, he will not be dismissed at this time. His motions associated with his Response are addressed in detail below.

Plaintiff **Tuan Fields** also filed a Response to the Order (Doc. 93). In it, he affirms that he read the potential complaint (Doc. 25) and signed it, and that his printed and signed names in the potential complaint (Doc. 25) are his. Plaintiff Fields will therefore remain in this action as a plaintiff for the time being, and this court will consider him to have signed the operative complaint. Similarly, because Plaintiff **David Bentz** filed the document (Doc. 25) at issue and filed the notice (Doc. 71) that he intended it to be filed as a complaint pursuant to the Court's Order (Doc. 3), rather than as a motion, and also appears to have signed it, this Court will consider him to have signed the document, and he will remain in this case with no further action required on his part at this time.

### Unique Complaints

Plaintiffs **Michael Crenshaw** and **Elias Diaz** have filed multiple complaints in this action on their own behalves. Currently pending are Crenshaw's Complaint dated May 30, 2017 (Doc. 87) and Diaz's Complaint dated May 18, 2017 (Doc. 80). Both of these complaints appear to seek to incorporate the claims in the Complaint (Doc. 1) filed by Plaintiff Bentz, though do not fully articulate the claims presented therein. Given the filings by both Plaintiff Bentz and

3

Plaintiff Fields treating the Motion to Certify Class (Class Certification Allegations) (Doc. 25) as the operative complaint, and because the original Complaint did not comply with Rule 11 as it was devoid of signatures, this Court considers the Complaint (Doc. 1) to be superseded and replaced by the Motion to Certify Class (Class Certification Allegations) (Doc. 25), which will now be considered, and refiled as, the First Amended Complaint in this action.

To satisfy the court that both Crenshaw and Diaz are in compliance with Rule 11, and have submitted complaints that are in compliance with all of the relevant rules of civil procedure, the Clerk will be directed to send them both copies of the newly operative First Amended Complaint (Doc. 25) for their signatures before allowing this action to proceed any further.

## **Pending Motions**

Plaintiff **JEFFREY BLANEY** filed a Motion for Extension of Time (Doc. 65) to comply with this Court's Order (Doc. 29), refiled as a Consolidated Motion for Documents and Motion to Redocket Motion for Extension of Time (Doc. 92). These Motions are hereby **GRANTED** as follows. Plaintiff Blaney will be provided a copy of the First Amended Complaint, filed originally as a Motion to Certify Class (Class Certification Allegations) (Doc. 25), as ordered below. Plaintiff Blaney may advise the Court in writing on or before (9/2/2017) if he does not wish to continue as a plaintiff in this action. If, by that deadline, Plaintiff Blaney advises the Court that he does not wish to participate and/or fails to return a signed First Amended Complaint per this Order, he will be dismissed from the lawsuit and will not be charged a filing fee for this action. This is the only way to avoid the obligation to pay a filing fee. Alternatively, if Plaintiff Blaney desires to pursue his claims individually in a separate lawsuit, he shall so advise the Court in writing by the (9/2/2017) deadline, and his claims shall be severed into a new action where a filing fee *will* be assessed.

Plaintiff **DAVID BENTZ** filed a Motion titled "Request for Conference by Video or Phone with Court and Plaintiffs in this Action and For Clarification" (Doc. 89), which is hereby **STRICKEN**. In his Motion (Doc. 89), Plaintiff Bentz requests that this Court hold "a video or phone conference with each Plaintiff who had not requested to be dismissed in writing to this Court." (Doc. 89, p. 1). Plaintiff Bentz is the only individual to have signed the Motion, however, and this Court has issued multiple warnings, (Doc. 3); (Doc. 29, p. 7); (Doc. 50), that such group filings would be stricken because each Plaintiff must sign documents for himself or herself and a non-attorney cannot file or sign papers for another litigant. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11. If he so chooses, Plaintiff Bentz may file a separate motion, on behalf of himself only, to seek the relief he desires.

The following Motions of the plaintiffs who have been and are herein dismissed from this action are **DENIED** as **MOOT**: Docs. 4, 8, 9, 10, 12, 14, 15, 30, 33, 42, 47, and 97.

The following Motions for Leave to Proceed *In Forma Pauperis* (Docs. 5-7, 11, 16, 31, 42, 76, and 81), Motions to Appoint Counsel (Docs. 22, 77, 82, and 88), and Motion for Service of Process at Government Expense (Doc. 83) will be addressed in separate orders of this Court.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiffs **ROBERT HUNT**, **JAMES BARNWELL**, **DANIEL DIAZ, MARCUS BARRY**, and **ANTELETO JONES** are **DISMISSED** from this action with prejudice for failing to respond to this Court's Order (Doc. 85) and/or notifying this Court of their desire to be dismissed from this action per this Court's Order dated April 12, 2017 (Doc. 29). These plaintiffs **will not** be assessed a filing fee and **will not** be issued a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiffs **JOHN REED**, **KEITH NELSON**,

**MUHAMMAD ABDULLAH**, **JESSE PEREZ**, **TERRY MORGAN**, **CEVIN STANFORD**, and **BRETT SHARP** are **DISMISSED** from this action with prejudice for failing to respond to this Court's Order (Doc. 85). These plaintiffs **will** be assessed a filing fee but **will not** be issued a strike pursuant to 28 U.S.C. § 1915(g).

The **CLERK** is **DIRECTED** to refile in CM-ECF the Motion to Certify Class (Class Certification Allegations) (Doc. 25) as the "First Amended Complaint," with the original filing date of April 10, 2017. The newly filed First Amended Complaint will be considered the operative complaint in this case.

The **CLERK** is further **DIRECTED** to terminate the Motion to Certify Class (Class Certification Allegations) (Doc. 25), as per Plaintiff Bentz's Notice to Court Regarding Doc. 3 and Doc. 25, this document was not properly filed as a motion and is instead "a signed complaint by Plaintiffs." (Doc. 71, p. 1).

In order for this Court to ensure that each of the remaining plaintiffs, who neither filed the newly titled First Amended Complaint nor attested that they read and signed it, are in compliance with Rule 11, this Court **ORDERS** the following plaintiffs to sign and return the enclosed First Amended Complaint (Doc. 25), which was previously titled "Motion to Certify Class (Class Certification Allegations)," if they seek to avoid dismissal from this action: **JEFFREY BLANEY**, **ELIAS DIAZ**, and **MICHAEL CRENSHAW**. These Plaintiffs must submit a newly signed copy of the First Amended Complaint, enclosed herein, within 28 days (9/2/2017) of this Order. Failure to comply with this Order may result in dismissal from this action for failure to comply with an order of the court and/or failure to prosecute. FED. R. CIV. P. 41(b).

Finally, in order to comply with this Court's Order (Doc. 85), Plaintiff **JEFFREY**

**BLANEY** is **ORDERED** to advise the Court in writing on or before (9/2/2017) whether his signature on the Motion to Certify Class (Class Certification Allegations) (Doc. 25) is his own, and, if so, whether he was aware that he was signing a pleading for this lawsuit when he signed it, and whether he reviewed the document prior to signing it. Failure to comply with this Order may result in dismissal from this action for failure to comply with an order of the court and/or failure to prosecute. FED. R. CIV. P. 41(b). If Plaintiff Blaney responds in the affirmative to each of the aforementioned inquiries posed by this Court's Order (Doc. 85) prior to the deadline, he will be exempt from the Order requiring him to submit a signed First Amended Complaint by the deadline in order to avoid dismissal from this action.

Because they failed or were not given the opportunity to opt out of this lawsuit pursuant to this Court's Order (Doc. 29), Plaintiffs Fields, Bentz, Diaz, and Crenshaw will be responsible for paying the filing fee in this action.

The **CLERK** is **DIRECTED** to mail a hard copy of Doc. 25, which will be refiled as the First Amended Complaint, to Plaintiffs Blaney, Diaz, and Crenshaw to enable them to comply with this Order.

The **CLERK** is further **DIRECTED** to send a copy of this Order to each of the named plaintiffs.

Plaintiffs are **ADVISED** that the First Amended Complaint will be awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it will not yet be served on the defendants. Further action by some of the plaintiffs is required before the Court can complete its preliminary review of this matter under 28 U.S.C. § 1915A. When this review is completed, a copy of the Court's order will be forwarded to each plaintiff who remains in the action.

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to

keep the Clerk of Court and each opposing party informed of any change in his or her address; the Court will not independently investigate a plaintiff's whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution as to any plaintiff that fails to comply.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 5, 2017**

                  __s/MICHAEL J. REAGAN__
                  United States Chief District Judge