# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 17-cv-315-MJR |
| SALVADOR GODINEZ, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER TO SHOW CAUSE

**REAGAN, Chief District Judge:**

Plaintiff David Bentz, currently incarcerated at Menard Correctional Center ("Menard"), brought this *pro se* civil rights action, along with multiple other plaintiffs, pursuant to 42 U.S.C. § 1983 on March 27, 2017. (Doc. 1). Though this case has yet to receive preliminary review pursuant to 28 U.S.C. § 1915A, the Court has issued several orders in it to address various preliminary issues. In the course of addressing these issues, it has come to the Court's attention that Plaintiff Bentz appears to have intentionally committed a fraud on the Court by submitting at least one document in this action on which at least one, if not more, signatures were forged or otherwise included as a result of subterfuge.

## Background

This action was opened on March 27, 2017 after the Complaint (Doc. 1) was received. Because the Complaint was unsigned, the Court entered an Order on March 30, 2017 notifying the Plaintiffs that, pursuant to Rule 11(a) of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." (Doc. 3). The Court directed the Clerk to send a copy of the 50-page Complaint to each plaintiff so that any plaintiff who desired to participate in this lawsuit could return a

1

signed copy in compliance with Rule 11. *Id.* Soon thereafter, on April 7, 2017, a batch of Motions for Leave to Proceed *In Forma Pauperis* (Docs. 5-16) were filed. Some of these appear to be handwritten by Plaintiff Bentz, with signatures of other plaintiffs and occasional additional information included on the motions in different handwriting. (Docs. 5-8, 11-14).

On April 10, 2017, the First Amended Complaint (Doc. 99), originally construed as a Motion to Certify Class (Doc. 25), was filed by Plaintiff Bentz. At the end of the First Amended Complaint is a page numbered "50-A," which includes a "Declaration Under Federal Rule of Civil Procedure 11" that states:

> I, the undersigned, certify to the best of my knowledge, information, and belief that this Complaint is in full compliance with Rule 11(a) and (b) of the Federal Rule[s] of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11(a) and (b) may result in sanctions, monetary or non-monetary, pursuant to F.R.C.P. Rule 11(c).

(Docs. 25, 99, p. 51).

Beneath the declaration are signatures for fifteen of the named plaintiffs in this action, including for Plaintiffs Bentz, Reed, Barry, Nelson, Abdullah, Perez, Daniel Diaz, Fields, Hunt, Morgan, Stanford, Barnwell, Sharp, Blaney, and Jones. *Id.* Despite their apparent signatures on the pleading, several plaintiffs have submitted filings that have cast doubt on whether their signatures on the pleading are legitimate or, if they signed the document, whether they were aware that they were signing a pleading for a lawsuit, and if so, whether they were aware of the contents of the pleading.

The Court will begin with the most damning statements made by Bentz's fellow plaintiffs. Plaintiff John Anthony Reed, whose name appears directly below Plaintiff Bentz's on the First Amended Complaint, claims that he "did not sign" the First Amended Complaint or the Motion to Proceed *In Forma Pauperis* filed under his name, claiming that he "believe[s] David

Robert Bentz had somehow doctored [his] signature to appear on those" documents. (Doc. 119, p. 2). He also notes that Bentz would have had access to his signature because he signed a witness document for Bentz in 2015. *Id.* Plaintiff Keith Nelson similarly claims that he neither filed nor signed "one single piece of paper" in this action prior to his attempts to remove himself from the action. (Doc. 126, p. 1). He also asserts that he "never gave consent to be added to his lawsuit" and "never saw the handwritten copy of the motion for *in forma pauperis* that allegedly had '[his]' signature attached to it." (Doc. 111, p. 1); (Doc. 128, p. 1).

Plaintiff Robert Hunt claims that he does "not know what this case is and . . . never gave anyone permission to put [his] name on any complaint." Plaintiff Muhammad Abdullah admits that the signature on the First Amended Complaint is his but then adds that he "was not aware that [he] was pleading for this lawsuit prior to signing it." (Doc. 109, p. 1). Plaintiff Markus Barry asserts that he "never signed [the Complaint] initially," and that "prior to signing [the First Amended Complaint], [he] was not afforded an opportunity to review" it. (Doc. 52, p. 1); (Doc. 95, p. 1). Similarly, Daniel Diaz claims that he never saw or reviewed the "motion or lawsuit" that was filed. (Doc. 94, p. 1). Finally, Plaintiff Jesse Perez asserts that he has "nothing to do with the civil suit filed by Mr. Bentz" without his permission and "[has] not or will not be submitting any complaints through a third party." (Doc. 120, pp. 2-3). Signatures for each of the aforementioned plaintiffs are included on the First Amended Complaint submitted by Bentz.

Other plaintiffs whose signatures did not appear on the First Amended Complaint also submitted letters to the Court that call into question whether they ever consented to be added as plaintiffs to this lawsuit at all. Brandon Harris requested to be removed from the suit on April 28, 2017, and in his request, he noted that he "[has] not signed, nor [is he] interested in signing [his] name to any complaints, motions nor petitions concerning the said cause." (Doc. 60, p. 1).

3

Further, on April 10, 2017, Plaintiff Wiggins submitted a letter to the Court asking, in part, "what the actual complaint is." (Doc. 21, p. 1).

Additionally, Bentz has repeatedly attempted to file Motions and other documents on behalf of all Plaintiffs without their having signed the documents, even after being warned that doing so was improper and in violation of Rule 11. *See* (Docs. 3, 29, 37, 50, 85, 125) (warnings); (Docs. 19, 36, 44, 67, 89, 110, 113) (stricken documents). Bentz has also filed notices to the Court stating that the plaintiffs in this action signed the original Complaint (Doc. 1). *See* (Docs. 71, 122). He claims that he lost the declaration page with those signatures and filed the original Complaint without realizing it was absent. (Doc. 122). His claims do not address the aforementioned plaintiffs' claims that Bentz added them to this action without their permission, forged their signatures, and/or used their signatures on a filing that they did not have an opportunity to review.

Notably, Bentz has been warned recently that sanctions would be imposed against him for attempting to deceive the Court. *Bentz v. Maue*, Case No. 16-cv-1349-DRH (S.D. Ill. Feb. 10, 2017) ("*Maue* 2017"), Doc. 11.[1] In fact, in *Maue* 2017, the Court outlined two recent instances that Bentz appeared to have attempted to deceive the Court. The first occurred in *Bentz v. Maue*, 16-cv-854 (S.D. Ill. Sept. 22, 2016) ("*Maue* 2016"), which was dismissed with prejudice for reasons that included Plaintiff making false allegations regarding his financial status in his Motion to Proceed *In Forma Pauperis*.

The second attempt at deception took place in *Maue* 2017. In that case, the complaint was severed, and Plaintiff Bentz received a strike pursuant to 28 U.S.C. § 1915(g). *Maue* 2017, Doc. 6. Bentz then filed a motion for reconsideration claiming that he intended the complaint in

---

[1] Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

*Maue* 2017 to be filed as an amended complaint in *Maue* 2016. *Maue* 2017, Doc. 10. The Court found that those arguments were entirely unfounded and contradicted by the complaint itself. *See Maue* 2017, Doc. 11. The Court also noted that Bentz appeared to be attempting to deceive the Court in order "to avoid a strike and responsibility for filing fees that [he had] accrued." *Maue* 2017, Doc. 11.

Looking further back in Bentz's litigation history, the Court finds more examples of Bentz filing problematic documents with the Court. In *Bentz v. Butler*, 14-cv-996-NJR-DGW (S.D. Ill. Sept. 30, 2017), the Court discovered that Bentz likely signed the names of his co-plaintiffs on the amended complaint in that action. *Id.* at Doc. 28, p. 3. The Court initially generously attributed this forgery to a misunderstanding of the Court's original instructions. *Id.* In the same case, Bentz referred to himself as "elderly" to support his claim that he was at heightened risk from the conditions of confinement at issue in that action. *Id.* at Doc. 36, p. 3 n.1. The Court noted that, at the time, Bentz was only 40 years old, so his referring to himself as "elderly," along with his signing the names of other plaintiffs on the amended complaint, constituted a pattern of dishonest behavior. *Id.* The Court warned Bentz that "dishonesty during the course of litigation may result in the dismissal of [an] action with prejudice, as well as the imposition of sanctions." *Id.*

## Discussion

A reasonable inference given the above background is that Bentz intentionally fabricated at least one signature on the First Amended Complaint in this case, added some plaintiffs to this lawsuit without their consent, and caused some others to sign the document that became the signature page of the First Amended Complaint without giving them the opportunity to review the suit, in direct contradiction with the declaration included, perhaps later, on the same page.

5

It therefore appears that Bentz intentionally filed the First Amended Complaint in contravention of FED. R. CIV. P. 11, which requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record . . . or by a party *personally* if the party is unrepresented." FED. R. CIV. P. 11(a) (emphasis added). This is despite the Court's repeated recitation of that very rule beginning before the First Amended Complaint was filed. *See, e.g.*, (Doc. 3). It also appears that Bentz did this with the intent to deceive the Court into believing the various signatures on the First Amended Complaint were legitimate, and the various plaintiffs named in conjunction with the lawsuit had consented to participation in the case. Given Bentz's history, and the warnings he has received in similar cases, the Court does not believe that his actions were the result of a mistake or misunderstanding. In fact, given his claims that he is "a seasoned litigator" who has had "about 19 action[s] within" United States District Courts, it seems unlikely he would be unaware that forging signatures or filing an action on behalf of individuals without their consent would be problematic. (Doc. 122, p. 1).

In *Jackson v. Murphy*, 468 F. App'x 616 (7th Cir. 2012), the Seventh Circuit Court of Appeals explained the inherent authority of a district court to issue sanctions, as follows:

> The severity of a sanction should be proportional to the gravity of the offense, *Williams v. Adams*, 660 F.3d 263, 265–66 (7th Cir. 2011); *Allen v. Chi. Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003), and before it sanctions a litigant under its inherent power a court must find that the party "willfully abused the judicial process or otherwise conducted litigation in bad faith." *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009); *see Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 928 (7th Cir. 2004). "As a fraud on the court, perjury may warrant the sanction of dismissal," *Montano v. City of Chicago*, 535 F.3d 558, 564 (7th Cir. 2008); *see Oliver v. Gramley*, 200 F.3d 465, 466 (7th Cir. 1999); *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77–79 (5th Cir. 2011) (perjury); *Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1180 (10th Cir. 2009) (submission of falsified evidence to the court); *Monsanto Co. v. Ralph*, 382 F.3d 1374, 1381 (Fed. Cir. 2004) (destruction of evidence and perjury); *Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 695 (8th Cir. 2001) (perjury), unless it was harmless to the litigation, was quickly discovered, or other parties had also perjured themselves, *Allen*, 317 F.3d at 703.

*Id.* at 619-20.

The Court intends to dismiss Bentz with prejudice as a sanction for his apparently fraudulent actions that were undertaken at the expense of the unwitting plaintiffs and this Court's limited time and resources. "A court should generally consider lesser sanctions before settling upon dismissal." *Ayoubi v. Dart*, 640 F. App'x 524, 528 (7th Cir. 2016) (citing *Rivera v. Drake*, 767 F.3d 685, 686-87 (7th Cir. 2014); *Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011); *Oliver v. Gramley*, 200 F.3d 465, 466 (7th Cir. 1999)). The Seventh Circuit has held, however, "that a dismissal with prejudice is an appropriate sanction for lying to the court . . . because no one needs to be warned not to lie to the judiciary." *Ayoubi*, 640 F. App'x at 528-529 (citing *Mathis v. N.Y. Life Ins. Co.*, 133 F.3d 546, 547 (7th Cir. 1998); *Jackson v. Murphy*, 468 F. App'x 616, 620 (7th Cir. 2012)).

However, "[b]efore exercising its inherent authority to sanction misconduct, a court must notify the litigant of the specific misdeed that is the basis for possible sanction and allow the litigant an opportunity to respond." *See Ayoubi*, 640 F. App'x at 528 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991); *Johnson v. Cherry*, 422 F.3d 540, 549 (7th Cir. 2005); *Larsen v. City of Beloit*, 130 F.3d 1278, 1286-87 (7th Cir. 1997)). Based on the authority and facts summarized above, Plaintiff is subject to dismissal from this action as a sanction for forging at least one fellow plaintiff's signature, including individuals in this lawsuit as plaintiffs without their knowledge or consent, and submitting the First Amended Complaint with signatures from plaintiffs who were never given the opportunity to review it. Out of an abundance of caution, Plaintiff shall be allowed an opportunity to show cause why he should not be dismissed from this action, before the Court imposes this sanction.

### Order to Show Cause

**IT IS THEREFORE ORDERED** that Bentz shall submit a written statement to the Court to show cause why this Court should not dismiss him from this case as a sanction for the above described conduct. Plaintiff **SHALL SUBMIT** his response within 21 days of the date of this order (on or before December 8, 2017). Failure to file a response shall result in the dismissal of Bentz from this action with prejudice. *See* FED. R. CIV. P. 41(b). An unsatisfactory response shall also result in the dismissal of Bentz from this case.

Finally, Bentz is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 17, 2017**

s/ MICHAEL J. REAGAN<br>United States Chief District Judge