IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 17-cv-315-MJR |
| | ) |
| SALVADOR GODINEZ, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff David Bentz is currently incarcerated in Menard Correctional Center. This matter is before the Court on "Plaintiff's Response to Court Order D/E #130 for Sanctions and Affidavit" (Doc. 144), filed in response to the Court's Show Cause Order. (Doc. 130). For the reasons set forth herein, this case will be dismissed with prejudice as a sanction against Plaintiff. Plaintiff's pending Motion to Appoint Counsel (Doc. 22) and Motion for Order, Motion for Status (Doc. 141) will also be **DENIED** as moot.

## Background

The facts relevant to the issue herein are articulated at length in this Court's Show Cause Order (Doc. 130) and are incorporated by reference herein.[1] In essence, multiple individuals who were named as plaintiffs in this case filed by Plaintiff Bentz have claimed in various motions and affidavits that Plaintiff Bentz added them to this action without their permission,

---

[1] The Court notes that after its Show Cause Order (Doc. 130) was filed, another former plaintiff in this case, Brett Sharp, filed a document claiming that he never "signed any document pertaining to any Complaint involving David Robert Bentz, et al., Case No. 17-cv-315-MJR" and that "any document in that case containing Inmate Brett L. Sharp['s] signature would and should be considered a forged and false document." (Doc. 139). Like several of the other former plaintiffs in this case whose similar claims are outlined in this Court's Show Cause Order, Sharp's signature appears on the First Amended Complaint (Doc. 99) and on a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 6), despite his claims that he never signed any document in this case.

1

forged their signatures, and/or used their signatures on filings in this case, including the complaint, that they did not have an opportunity to review. *See* (Doc. 119, p. 2); (Doc. 126, p. 1); (Doc. 111, p. 1); (Doc. 128, p. 1); (Doc. 109, p. 1); (Doc. 52, p. 1); (Doc. 95, p. 1); (Doc. 94, p. 1); (Doc. 120, pp. 2-3); (Doc. 60, p. 1); (Doc. 21, p. 1); (Doc. 139). The Court also noted in its Show Cause Order that Plaintiff Bentz was warned recently in several cases that sanctions would be imposed against him if he attempted to deceive the court.[2] *See* (Doc. 130, pp. 4-5) (collecting cases).

On November 17, 2017, the Court ordered Plaintiff Bentz to show cause why this case should not be dismissed as a sanction for forging at least one fellow plaintiff's signature, including individuals in this lawsuit as plaintiffs without their knowledge or consent, and submitting the First Amended Complaint with signatures from plaintiffs who were not given the opportunity to review it. (Doc. 130, pp. 1, 7-8) (citing *Ayoubi v. Dart*, 640 F. App'x 524, 528-29 (7th Cir. 2016) (citing *Rivera v. Drake*, 767 F.3d 685, 686-87 (7th Cir. 2014); *Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011); *Mathis v. N.Y. Life Ins. Co.*, 133 F.3d 546, 547 (7th Cir. 1998); *Jackson v. Murphy*, 468 F. App'x 616, 620 (7th Cir. 2012))).

## **Show Cause Response and Issuance of Sanctions**

Plaintiff Bentz's response to the Show Cause Order has not altered the Court's conclusion that dismissal is warranted in this case, for Plaintiff's attempt to deceive the Court described herein and in the Show Cause Order.

In his Response (Doc. 144), Plaintiff Bentz claims that he "did not witness any plaintiff's signature[s] and cannot say for [a] fact if plaintiffs signed any documents." (Doc. 144, p. 1).

---

[2] The Court acknowledges that the dismissal of *Bentz v. Maue*, Case No. 16-cv-854 (S.D. Ill. Sept. 22, 2016), cited by this Court in its Show Cause Order, was reversed on appeal. This reversal has no bearing on the instant case, however, and does not negate the fact that Plaintiff Bentz was put on notice in that case that attempts to deceive the Court are sanctionable.

Plaintiff Bentz also claims that he "did not sing [sic], doctor, forge, missleed [sic] Court, or file any document with such a signature of plaintiff[s] with this Court in this action." *Id.* Plaintiff claims that the "allegations against Plaintiff Bentz by this Court are (or Plaintiffs) in fact supported by no evidence at all, and are simply bias to Plaintiff Bentz." *Id.* Plaintiff also takes issue with this Court's citation of several of his previous cases in its Show Cause Order, claiming that the accusations of dishonesty against him in those cases are false. *Id.*

The Court finds Plaintiff Bentz's arguments unpersuasive. He claims that there is no evidence of his wrongdoing, when in fact at least ten former plaintiffs in this action have submitted affidavits and/or motions attesting to the various ways in which he appears to have attempted to use their names and/or signatures inappropriately in this case. *See* (Doc. 130, pp. 2-4); (Doc. 139). Plaintiff also claims that accusations of dishonesty leveled against him in previous actions are untrue, but the Court does not rely on previous accusations to find that Plaintiff has attempted to deceive the Court in this case. Instead, it referenced these previous instances to illustrate that Plaintiff was on notice when he filed this action that attempts to deceive the Court, including forging other inmates' signatures, are sanctionable. The Court also finds it notable, if not probative, that accusations or suggestions of potential dishonesty on the part of Plaintiff Bentz are not uncommon in his cases.[3]

For the aforementioned reasons, and those outlined in this Court's Show Cause Order (Doc. 130), this case will be dismissed with prejudice as a sanction for Plaintiff Bentz's attempts to deceive the Court.

---

[3] In fact, in his recent "Joint Motion to Stay All Above Actions Pending Ruling[s]," at Doc. 38 in Case No. 16-cv-854-NJR (S.D. Ill. Dec. 12, 2017), Plaintiff appears to have misrepresented the status of one of his cases. In his Motion, he claims that "All above actions claim[s] *are currently on appeal* within *Bentz v. Gregson, et al.*, 16-cv-1349." Case No. 16-cv-854-NJR, Doc. 38 (emphasis added). No appeal has been taken in Case No. 16-cv-1349-DRH, however, and Plaintiff acknowledged that fact by filing a Motion for Extension of Time to File Notice of Appeal, at Doc. 20 in Case No. 16-cv-1349-DRH, the very same day he filed his Joint Motion to Stay. This is one very recent example of Plaintiff submitting false information to the Court, intentionally or not.

**Disposition**

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITH PREJUDICE** as a sanction for Plaintiff Bentz forging at least one fellow plaintiff's signature, including individuals in this lawsuit as plaintiffs without their knowledge or consent, and submitting the First Amended Complaint with signatures from plaintiffs who were not given the opportunity to review it. Plaintiff's Motion to Appoint Counsel (Doc. 22) and Motion for Order, Motion for Status (Doc. 141) are **DENIED** as **MOOT**.

This dismissal shall not count as a "strike" under 28 U.S.C. § 1915(g).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). If the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:  February 6, 2018**

s/ MICHAEL J. REAGAN
United States Chief District Judge